IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATRICK L. PEREA,<br><br>Plaintiff,<br><br>v.<br><br>HELEN TAYLOR, ZOOM, INC., CELESTE CANNING,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO APPOINT COUNSEL<br><br>Case No.  1:12-cv-0196-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

District Judge David Nuffer referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B). (Docket No. 6.)  As an initial matter, the Court notes that it granted Patrick L. Perea ("Plaintiff") leave to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"). (Docket No. 2.)  Before the Court is Plaintiff's Motion to Appoint Counsel. (Docket No. 5.)  The Court held a hearing on the Motion to Appoint Counsel and Motion for Service on October 12, 2012.  (Docket No. 9.)  For the reasons set forth below, the Court GRANTS Plaintiff's motion.

While defendants in criminal actions have a constitutional right to representation by an attorney, U.S. Const. amend. VI; Fed. R. Crim. P. 44, there is "no constitutional right to appointed counsel in a civil case."  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request" an attorney to represent an indigent party.  A court has discretion under §1915(e)(1) to appoint counsel or not.  *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).  The applicant has the burden to convince the court

1

that his or her claim has enough merit to justify the court's appointing counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted). Reading the Plaintiff's filings liberally, as the Court must, *e.g. Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010) (citation omitted), Plaintiff may have a valid claim under the American with Disabilities Act. Additionally, the legal issue the Plaintiff raises seems not to have been much litigated in combination with the facts alleged. Those facts may give rise to a claim, but making that claim will require the assistance of an attorney practiced in the field. Due to the potential complexity of the case, the Plaintiff has persuaded the Court that he is unable to present his claims or pursue this case adequately pro se. Consequently, the Court GRANTS Plaintiff's motion for appointment of counsel.

DATED this 30th day of October, 2012

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge